IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONALD PAUL RICHARDSON,

    Plaintiff,

v.                                              No. 14-cv-0746 JB/SMV

IT'S QUEST, INC., and ALINA BAILON,

    Defendants.

### ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING PLAINTIFF TO AMEND HIS COMPLAINT

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3] ("Application to proceed IFP"), filed on August 20, 2014. The Court will grant Application and direct Plaintiff to amend his Complaint within 21 days.

### Eligibility to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis* ("IFP"), 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of 28 U.S.C. § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case.

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (internal brackets omitted) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir. 1988)).

Plaintiff's Application shows that his monthly income is $1,035.00.  [Doc. 3] at 1–2 ($850/month in employment income and $185/month in public assistance).  Based on Plaintiff's reported monthly income, the Court finds that Plaintiff is unable to pay the filing fee.  *See* § 1915(a)(1).  Accordingly, Plaintiff's Application will be granted.

### Dismissal of *In Forma Pauperis* Proceedings

The statute governing proceedings *in forma pauperis* also requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.  In determining whether a dismissal is proper, [courts] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.

*Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  Courts look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e., the factual allegations must be enough to raise a right to relief above the speculative level.  *Id.* at 1218 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  "[T]o state a claim in federal court, a

complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the pro se litigant did not state a viable legal claim and that the complaint consisted of "little more than unintelligible ramblings." *Triplett v. Triplett*, 166 F. App'x 338, 339–340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Here, Plaintiff's Complaint is largely unintelligible and fails to state a claim on which relief may be granted. *See* [Doc. 1]. For example, Plaintiff's request for relief reads: "Identification of Personal LEOSA Act Agent or [illegible] with Apprehension Authority or Pattern for Security Programs logistics for Industrial Employment SIC or NISC patterns used to identify Sec Breach Identification Resolution." *Id.* at 5. Attached to the Complaint are letters from various state and federal government agencies that pertain to Plaintiff's charges of employment discrimination, torture, and a denied request for information under the Freedom of Information Act. *Id.* [Doc. 1] at 7–19. The Court finds that the Complaint—even with the attachments—fails to explain what each defendant did to him, when the defendant did it, how the defendant's action harmed him, and *what specific legal right* he believes each defendant violated. Rather, the Complaint consists of little more than unintelligible ramblings. Nevertheless, because Plaintiff proceeds pro se, the Court will grant him 21 days to file an amended complaint. **Plaintiff is on notice that failure to**

**amend the Complaint within 21 day and/or failure to file an amended complaint that meets the basic pleading requirements may result in dismissal of this action with prejudice.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff amend his Complaint within **21 days** or the action may be dismissed with prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**